IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1324-WJM-KMT

GAGANDEEP SINGH,

    Plaintiff,

v.

JEFF SESSIONS, Attorney General,
JEFFREY LYNCH, U.S. Field Office Director for the Colorado Field Office,
ELAINE DUKE,[1] U.S. Secretary of Homeland Security,
JOHNNY CHOATE, Warden of GEO Group Inc. Aurora,

    Defendants.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

The matter before the Court is a petition for habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition," ECF No. 1), filed by Petitioner Gagandeep Singh. The Respondents[2] filed a response on July 25, 2017. (ECF No. 13.) Petitioner filed an untimely reply on August 3, 2017. (ECF No. 14.) Petitioner seeks immediate release from custody, asserting that his continued detention pending removal has exceeded the six-month period considered presumptively reasonable, and further, that his removal is not reasonably foreseeable. For the reasons stated below, the Court denies *without*

---

[1] Elaine C. Duke became the Acting Secretary of the Department of Homeland Security on July 31, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Elaine Duke is automatically substituted for John Kelly as the defendant in this suit.

[2] The Court notes at the outset that the only proper Respondent in a habeas corpus action is the Petitioner's custodian. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *see also Jimenez v. State of Utah*, 665 F. App'x 657, 658 n.2 (10th Cir. 2016) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973)).

*prejudice* Petitioner's request for relief.

## I. BACKGROUND

Petitioner is a native and citizen of India. (ECF No. 1 ¶ 9.) Petitioner asserts that he "was forced to flee India due to the persecution he suffered on the basis of his religion, political opinion, and membership in a particular social group." (*Id.* ¶ 10.) On November 3, 2015, he entered the United States at the port of entry in Nogales, Arizona. (*Id.* ¶ 9.) On November 4, 2015, the Department of Homeland Security ("DHS") issued a notice to appear, "designating Petitioner as an arriving alien, and charging him as inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(I)." (ECF No. 13 at 2.) Petitioner was detained shortly thereafter and has "remained in [the continuous custody of Immigration and Customs Enforcement ('ICE')] since that date." (*Id.*) The Respondents represent that he is currently being held at the Denver Contract Detention Facility in Aurora, Colorado. (*Id.*)

On November 8, 2016, an Immigration Judge found Petitioner removable and ordered him removed. (ECF No. 1 ¶ 15; ECF No. 13 at 3.) Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"). (ECF No. 1 ¶ 16; ECF No. 13 at 3.) On April 26, 2017, "his appeal was dismissed." (*Id.*) On May 17, 2017, Petitioner appealed the Board's decision by filing a petition for review in the United States Court of Appeals for the Tenth Circuit. (ECF No. 1 ¶ 17.) Petitioner also filed an emergency motion to stay deportation pending his appeal, which was denied on May 22, 2017. (ECF No. 13 at 3.)

Petitioner contends that his continued detention is unconstitutional and further

asserts that the Respondents have failed to comply with applicable federal statutes governing the detention of aliens. (*See* ECF No. 1 at 6–11.) Petitioner requests an order directing the Respondents to release him immediately from custody. (*Id*. at 12.)

## II. STANDARD OF REVIEW

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (finding district court properly exercised jurisdiction over alien's habeas petition challenging his continued detention without bond or a bond hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001))).

"[F]or habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2002); *see also United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). Because Petitioner is detained in Aurora, Colorado, his § 2241 petition was filed properly in this Court.

# III. ANALYSIS

## A. Detention under 8 U.S.C. § 1226(c)—Mootness

Petitioner challenges the Respondents' authority to detain him under 8 U.S.C. § 1226(c) and the constitutionality of his detention under that statute. Respondents maintain that Petitioner's claim challenging the legality of his detention under 8 U.S.C. § 226 is moot because his current detention is based on 8 U.S.C. § 1231.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. (internal quotation marks and citations omitted). "If, during the pendency of the case, circumstances change such that a party's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009).

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Demore*, 538 U.S. at 529. Upon entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. Section 1231 defines the removal period as beginning on the latest of: (i) the date the order of removal becomes administratively final;[3] (ii) the date of the court's final order if the removal order is

---

[3] An order of removal becomes administratively final upon "a determination by the BIA affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i).

judicially reviewed and the court orders a stay of removal; or (iii) the date an alien is removed from detention, if that detention is not under an immigration process.

In this case, the first clause of § 1231(a)(1)(B) applies such that the removal period for Petitioner commenced on April 26, 2017 when the order of removal became administratively final.[4] Accordingly, on April 26, 2017, the Respondents' authority to detain petitioner shifted from 8 U.S.C. § 1226 to § 1231(a)(2). As such, Petitioner's claim challenging his detention under 8 U.S.C. § 1226 is moot. *See e.g., De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (stating that when BIA's order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.").

At this time, there is no remedy the Court could issue concerning the legality of

---

[4] The second clause does not apply because it requires the alien to file a petition for review of the removal order *and* to request a stay of removal from the reviewing court. 8 U.S.C. § 1231(a)(1)(B)(ii). As noted above, Petitioner has filed (under seal) a petition in the Tenth Circuit to review the BIA's decision. *See Gagandeep v. Sessions*, No. 17-9520 (10th Cir. May 17, 2017). However, on May 22, 2017, the Tenth Circuit denied Petitioner's motion for a stay of removal. *Id*. Thus, all requirements of the second clause have not been met. *Cf. Novitskiy v. Holm*, 2013 WL 229577, at *3 n.12 (D. Colo. Jan. 23, 2013) (noting that the second clause does not apply because "petitioner did not request a stay of removal from the Tenth Circuit"). Lastly, the third clause does not apply because Petitioner is not in custody on a non-immigration matter.

Petitioner's detention during the pre-removal period. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Accordingly, the Court lacks jurisdiction over Petitioner's claim challenging the legality of his detention prior to April 26, 2017.

**B.     Detention under 8 U.S.C. § 1231(a)(2)—Ripeness**

Petitioner also challenges the Respondents' authority to detain him under 8 U.S.C. § 1231(a). Specifically, Petitioner contends that "[h]e has been detained for a period of time that is over the presumptively reasonable period of six months and statutorily permitted 90–day period for ordinary circumstances." (ECF No. 1 ¶ 42.) Further, Petitioner argues that his "removal to India, or any other country, is not significantly likely to occur in the reasonably foreseeable future as he just filed a petition for review of his case with the Tenth Circuit on May 17, 2017." (*Id.*)[5] Respondents

---

[5] To support this argument, Petitioner asserts that his "deportation cannot be effectuated by ICE" (ECF No. 1 ¶ 24), because he refuses to sign an I-229(a) form, and as a result "his removal is not reasonably foreseeable" (ECF No. 14 at 2–3). Respondents maintain that "Petitioner has continuously failed to comply with ICE's removal efforts." (ECF No. 13 at 3.) Specifically, Petitioner has been served with "an application for travel documents to sign for his removal" (referencing the I-229(a) form) but that he refuses to sign these documents and the "Government of India will not issue travel documents for [Petitioner's] removal until [Petitioner] completes the application for travel documents." (*Id.* at 3–4.)

In *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008), the Tenth Circuit faced a similar situation in which the petitioner asserted that he was facing an indefinite detention lasting beyond the six-month period. However, the Tenth Circuit noted that "[t]he main reason [petitioner] still remains in the United States is his repeated court challenges to removal and refusal to cooperate with ICE officials in obtaining a Nigerian passport and other necessary travel documents. For example, on April 30, 2007, [petitioner] refused to accept or acknowledge ICE Form I-229(a), which is required by ICE officials to assist in removing an unlawful alien." *Id*.

Thus, the Court disagrees with Petitioner, and finds at this time that he has failed to demonstrate that without his refusal to sign Form I-229(a) his removal would not otherwise be reasonably foreseeable.

contend that the Petitioner's challenge is not yet ripe for judicial review.

Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). The ripeness inquiry "focuses not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention." *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004). In other words, the Court must determine "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1097 (10th Cir. 2006).

After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas*, 533 U.S. at 683; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B). While the government may detain an inadmissible alien beyond the statutory removal period, *see id.* § 1231(a)(6), the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that

showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Under *Zadvydas*, Petitioner's detention of a little over three months following entry of his final order of removal on April 26, 2017, is presumptively reasonable and does not trigger constitutional concerns. *See, e.g.*, *Novitskiy*, 2013 WL 229577, at *6 (citing *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post removal order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*)); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002). Accordingly, the Court finds premature Petitioner's claim challenging the constitutionality of his current detention under 8 U.S.C. § 1231. If necessary, Petitioner may file a new petition after expiration of the six-month period.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Gagandeep Singh, is DENIED as unripe and this action is dismissed *without prejudice*.

showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Under *Zadvydas*, Petitioner's detention of a little over three months following entry of his final order of removal on April 26, 2017, is presumptively reasonable and does not trigger constitutional concerns. *See, e.g.*, *Novitskiy*, 2013 WL 229577, at *6 (citing *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post removal order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*)); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002). Accordingly, the Court finds premature Petitioner's claim challenging the constitutionality of his current detention under 8 U.S.C. § 1231. If necessary, Petitioner may file a new petition after expiration of the six-month period.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Gagandeep Singh, is DENIED as unripe and this action is dismissed *without prejudice*.

Dated this 8th day of August, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge